# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2377

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant,　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
Romando Morse,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee.　　　　　*

_____

Submitted: December 11, 2008
Filed: June 26, 2009

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and GOLDBERG, Judge.[1]

_____

COLLOTON, Circuit Judge.

The government appeals an order of the district court granting Romando Morse's motion to suppress evidence seized from his person and statements made to police during a traffic stop in Omaha. We reverse the district court's order, and remand for further proceedings.

_____

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

According to the district court's findings of fact, during daylight hours on August 31, 2007, Sergeant Gerald Baggett and Officer Frank Platt of the Omaha Police Department stopped a vehicle in which Morse was a passenger. The driver was arrested for driving with a suspended license, and Baggett asked Morse to leave the vehicle so the officers could conduct a search incident to the arrest. According to Baggett's testimony, when Morse exited the vehicle, Baggett said that he was going to conduct a pat-down search, and asked Morse if he had anything on his person that Baggett should know about. Morse said that he had crack cocaine in his pocket. Baggett then placed Morse under arrest and eventually recovered drugs from Morse's pocket.

Morse testified to a different sequence of events. Morse said that when he exited the vehicle, Baggett told him to put his hands on the car, and Baggett then began a pat-down search before Morse said anything about drugs. According to Morse, Baggett put his hand on one of Morse's pockets and asked whether Morse had "a little weed" in his pocket. Morse replied, "no, sir, crack cocaine." Baggett then arrested Morse and recovered the drugs.

The district court analyzed the motion to suppress based on Baggett's version of the facts, and granted the motion. The court reasoned that Morse's statement about the crack cocaine must be suppressed, because it was the product of unwarned custodial interrogation that violated the rule of *Miranda v. Arizona*, 384 U.S. 436 (1966). The court also excluded the crack cocaine seized from Morse's pocket, on the ground that the only basis for the arrest and subsequent search of Morse was the unwarned statement taken in violation of *Miranda*. In reaching this conclusion, the court determined that Morse was seized for purposes of the Fourth Amendment, because a reasonable person would not have believed himself free to terminate the encounter, *see Brendlin v. California*, 551 U.S. 249, 257 (2007), and that Morse was therefore "in custody" for purposes of the *Miranda* rule when Baggett asked about the contents of his pockets. The district court declined to apply the holding of *Berkemer*

-2-

*v. McCarty*, 468 U.S. 420 (1984), that *Miranda* warnings are not required for roadside questioning of a motorist detained pursuant to a routine traffic stop, because "the questioning of [Morse] was not in connection to the reason for the stop and far exceeded a routine roadside questioning."

On appeal, the government argues that the district court erred in suppressing Morse's statements and the crack cocaine based on *Miranda*, and we agree. In *Berkemer*, the Supreme Court held that even though a motorist is seized during a traffic stop, 468 U.S. at 436-37, *Miranda* warnings are not required where the motorist is not subjected to the functional equivalent of a formal arrest. *Id.* at 440-42. Therefore, that Morse reasonably believed that he was not free to terminate the encounter with Baggett does not resolve whether *Miranda* warnings were required in order to elicit admissible statements from Morse. *See United States v. Pelayo-Ruelas*, 345 F.3d 589, 592 (8th Cir. 2003) (rejecting the "broad contention that a person is in custody for *Miranda* purposes whenever a reasonable person would not feel free to leave"). The district court thought *Berkemer* was distinguishable based on the nature of Baggett's question to Morse, but we held in *United States v. Martin*, 411 F.3d 998 (8th Cir. 2005), that *Miranda* warnings were not required when a police officer asked a motorist during a traffic stop virtually the same question asked of Morse: whether there was "anything in the vehicle that [the officer] should know about." *Id.* at 1000. Like the motorist in *Martin*, Morse was never "'informed that his detention would not be temporary,' and he was asked only a 'modest number of questions.'" *Id.* at 1003 (quoting *Berkemer*, 468 U.S. at 442). In short, Morse was not subjected to the functional equivalent of a formal arrest before Baggett made his inquiry, and *Miranda* warnings were therefore not required. *Id.*

In addition, the parties agree that the court's rationale for suppression of the drugs is incorrect in light of *United States v. Patane*, 542 U.S. 630 (2004). In *Patane*, the Supreme Court held that a violation of the *Miranda* rule does not justify the suppression of non-testimonial physical evidence that is the fruit of custodial

interrogation conducted without *Miranda* warnings. *Id*. at 642-44 (plurality opinion); *id*. at 645 (Kennedy, J., concurring in judgment). Thus, even if Baggett had been required to administer *Miranda* warnings before questioning Morse in order to elicit admissible statements, the physical evidence recovered from Morse's pocket based on his unwarned statements should not be suppressed under the *Miranda* rule.

Morse urges us to affirm the district court's order on the alternative ground that the physical evidence seized from his pocket was the fruit of an *involuntary* statement that was taken in violation of the Fifth Amendment. *See Patane*, 542 U.S. at 644 (plurality opinion). In particular, citing *Bumper v. North Carolina*, 391 U.S. 543 (1968), he contends that even under Baggett's version of the facts, the police officer asserted authority to conduct a pat-down search, and Morse's disclosure about what was in his pockets amounted to involuntary acquiescence to a claim of lawful authority.

The district court did not reach this question, and we decline to do so at this juncture. Although our cases say that voluntariness of a confession ultimately is a legal question that we review *de novo*, *see, e.g.*, *United States v. LeBrun*, 363 F.3d 715, 724 (8th Cir. 2004) (en banc), the analysis of voluntariness depends on the totality of the surrounding circumstances, including the conduct of the law enforcement officials and the characteristics of the accused. *Id*. Because the district court truncated its analysis by focusing on the *Miranda* rule, it did not undertake a thorough examination of the circumstances that may bear on voluntariness, *see, e.g.*, *Withrow v. Williams*, 507 U.S. 680, 693-94 (1993), or address Morse's assertion regarding acquiescence to a claim of lawful authority. We think it is more appropriate for the district court to make any factual findings that it deems relevant, and to reach a legal conclusion about voluntariness in the first instance.

Morse also urges that we affirm in part on the alternative ground that Baggett's seizure of the crack cocaine was the fruit of a violation of the Fourth Amendment.

-4-

Morse argues that under his version of the facts, Baggett conducted an unlawful pat-down search *before* Morse said anything about the crack cocaine, and that Morse's version of the facts is one "reasonable view of the evidence" that we should accept in order to affirm the district court's order. *See United States v. Bloomfield*, 40 F.3d 910, 913-14 (8th Cir. 1994) (en banc). The record does not support an affirmance on this basis, because there is reason to doubt that the district court implicitly credited Morse's version of the facts over Baggett's. *See United States v. Williams*, 951 F.2d 1287, 1291 (D.C. Cir. 1991). As we read the opinion, the district court expressly declined to say that it believed Morse rather than Baggett, saying at one point that "[i]f the court *were to determine* that Morse's statement was made after the pat-down began, the outcome would be the same." In other words, the district court believed that the evidence should be suppressed based on *Miranda* under the government's view of the facts, and it simply added that the result would be the same if Morse's testimony were accepted. If the district court's findings of fact on this point need clarification, then that matter too can be addressed on remand.

For these reasons, the order of the district court suppressing evidence is reversed, and the case is remanded for further proceedings.

_____